UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

        Plaintiff,

v.                                                             Case No. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al.,

        Defendants.

_____

## ORDER

Plaintiff initiated this case by filing a *pro se* complaint (Doc. 1) and paying the filing fee. (Doc. 5.) Because Plaintiff is not proceeding as a pauper in this case, Plaintiff is responsible for service of process upon the Defendants, pursuant to Fed. R. Civ. P. 4(m), which states:

> **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Plaintiff's Complaint was filed on September 27, 2011. Thus, all Defendants must be served on or before January 25, 2012.

Because Plaintiff is proceeding *pro se*, he is advised of the following. There are two ways to serve a Defendant, either through personal service (formal service) or by requesting that the Defendant waive formal service. *See* Fed. R. Civ. P. 4(c) and (d).

To effect formal service of process, the Defendant must be personally delivered a copy of the complaint and a summons that will be issued to Plaintiff by the Clerk of this court. Such personal delivery may be made by anyone who is at least 18 years of age and <u>is not a party to this action</u>.  Plaintiff should note the requirements of Rules 4(e) regarding service upon individual Defendants.

Alternatively, Rule 4(d) allows Plaintiff the option of sending an individual or corporate Defendant a notice of the commencement of the action and a request that the Defendant waive formal service of process.  If the Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve the Defendants, and the Defendants may be liable for costs of formal service.  Plaintiff should thoroughly review Rule 4 before attempting service by either of the above methods.

Accordingly, it is **ORDERED:**

1.  The Clerk shall forward to Plaintiff a copy of Fed. R. Civ. P. 4, five blank summons forms, and five copies of Form 1A so that Plaintiff may request that Defendants waive formal service.

2.  If Plaintiff elects to attempt formal service, he shall complete each summons and return it to the Clerk **within 20 days** of this date.  If the summons are completed and returned, the Clerk shall issue summons for each Defendant indicating that they have twenty-one (21) days to respond to the complaint.

3.  **On or before January 25, 2012**, Plaintiff shall provide the Court with certification of service and documents reflecting proper, completed service of process upon each Defendant, or waiver of service.  Failure to provide proof of proper service or waiver for a particular Defendant, or failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of that Defendant from this action without further notice.

4. After a response to the complaint has been filed by a Defendant, Plaintiff is required to mail to the attorney for the Defendant a copy of every pleading or other paper, including letters, submitted for consideration by the Court.  Plaintiff must include with the original paper to be filed with the Clerk of Court a certificate of service which states the date a correct copy of the paper was mailed to the

Defendant or the attorney representing the Defendant.  Any paper submitted for filing after a response to the complaint has been filed which does not contain a certificate of service shall be returned by the Clerk and disregarded by the Court.

5.  The Clerk shall return the file to the undersigned upon the filing of the last answer by the Defendants or no later than January 26, 2012**.**

**DONE AND ORDERED** this 22nd day of November 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge