IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                      CASE NO. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al.,

    Defendants.

_____/

## O R D E R

Pending before the Court is doc. 9, Plaintiff's Response To Order To Show Cause. Plaintiff advises that he forwarded to the Clerk on December 7, 2011 the summons and notice of lawsuit and request for waiver of service of summons, which is within the time required for service of process. Plaintiff further asserts that he has been granted permission to proceed *in forma pauperis* and therefore the United States Marshal is required to serve process.

Plaintiff is mistaken that he has been granted permission to proceed *in forma pauperis*. The Plaintiff paid the filing fee of $350.00 on October 7, 2011. The Plaintiff has never requested permission to proceed *in forma pauperis* nor has the Court granted the Plaintiff permission to proceed *in forma pauperis*.

Rule 4(c)(3) of the Federal Rules of Civil Procedure provides in relevant part that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal ... [T]he court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ...

The Rule thus mandates that the Court order the United States marshal to serve

process only if the plaintiff is authorized to proceed in forma pauperis. Where, as here, the plaintiff has not been authorized to proceed in forma pauperis, the court may do so if the plaintiff makes a request.

Plaintiff appears to have made an effort to serve the summons and complaint but has not done so because he incorrectly believed that the Marshal was serving process in this case. Although the Court's prior order was clear, doc. 6, the Court will construe Plaintiff's response as a request pursuant to Fed. R. Civ. P. 4(c)(3) to order the United States Marshal to serve the summons and complaint. The Court will grant this request and direct the United States Marshal to serve the summons and complaint in order to move this case forward.

Accordingly, it is **ORDERED:**

1. Plaintiff's request to order the United States Marshal to perform service of process upon the Defendants pursuant to Fed. R. Civ. P. 4(c)(3) is **GRANTED.**

2. The Clerk shall print five copies of the Complaint and shall refer the prepared summonses to the United States Marshal, along with the copies of Plaintiff's Complaint (Doc. 1) and this Order.

3. Pursuant to Rule 4(c), Federal Rules of Civil Procedure, **Jean Lewis** is specially appointed to serve process upon Defendants **Martha Humphries, Rodney Tomlinson, Brandy Dewey, and M. Roberts** at Mayo Correctional Institution, a facility within the Florida Department of Corrections. In the absence of **Jean Lewis,** the specially appointed process server designated above, **Carolyn (Nickey) Taylor** is designated as an alternate server and shall comply with this Order as though issued in her name. **Debra Hix** is specially appointed to serve process upon Defendant **Kenneth Tucker** at the Central Office of the Florida Department of Corrections, 501 South Calhoun Street, Tallahassee, Florida, 32399-2500. In the absence of **Debra Hix**, **Susan Torbert** is designated as an alternate server to serve process upon Defendant

  Kenneth Tucker and shall comply with this Order as though issued in her name.

4. **Within 10 days** from the date of entry of this Order on the docket, the United States Marshal or a Deputy United States Marshal shall serve a copy of the Complaint, a summons, and this Order upon the Defendants. Service shall be accomplished **by mailing these documents by regular mail to the above named special process servers who shall serve the Complaint.** All costs of service shall be advanced by the United States.

5. **Within 10 days** after receipt of the complaint and this order, **Jean Lewis** and **Debra Hix** shall **serve the Complaint upon the individuals named above, complete** and **sign** the return of service, and **return** it to the <u>Clerk of Court</u> as proof of service. **Defendants shall also sign the return of service as an acknowledgment of receipt of service**.

6. If the Defendants are no longer employed at the designated institution or facility, or are otherwise unable to be served, the server shall report this information to the Clerk of Court **within 10 days** after receipt of the complaint and this Order. **If service is returned unexecuted, or if a return is not filed within twenty (20) days from the date of this order, the Clerk of Court shall immediately notify Chambers.**

7. Defendants shall have **60 days after service** in which to file a response to the Complaint.

8. No motion for summary judgment shall be filed by any party prior to entry of an Initial Scheduling Order without permission of the Court.

9. Counsel for Defendants shall file a notice of appearance **within 10 days** of the date of service.

10. Plaintiff is advised that after a response to the Complaint has been filed, no further amendments to the Complaint shall be permitted by the Court unless, as required by Rule 15 of the Federal Rules of Civil Procedure, Plaintiff files a separate motion for leave to so amend and provides a copy of the proposed amended complaint. N.D. Fla. Loc. R. 15.1.

11. In accordance with 28 U.S.C. § 636(c)(2), the Clerk shall forward to Plaintiff a form for consenting to trial by the Magistrate Judge, with the case number written on it. If Plaintiff wishes to consent, the form should be signed and forwarded to counsel for Defendants. If the Defendants wish to consent, the form should be signed and returned to the Clerk.

*Page 4 of 4*

12. After a notice of appearance has been filed, Plaintiff shall be required to mail to the attorney for the Defendants a copy of every pleading or other paper, including letters, submitted for consideration by the Court. Plaintiff shall include with each pleading, motion, or other paper to be filed with the Clerk of the Court a certificate stating the date an identical copy of the paper was mailed to the attorney representing the Defendants. Any paper so submitted for filing that does not contain a "certificate of service" shall be returned by the Clerk and disregarded by the Court.

13. Plaintiff is reminded to keep the Clerk of Court advised of any change in his mailing address should he be transferred, released from prison, or otherwise be relocated. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute should court orders not be able to reach Plaintiff.

14. The Clerk of Court shall return this file to the undersigned **no later than April 13, 2012.**

**DONE AND ORDERED** this 8th day of February, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge