IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

      Plaintiff,

v.                                                    CASE NO. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al.,

      Defendants.

_____/

## O R D E R

Before the Court is Defendants' Motion To Tax Costs of Service of Process and
To Dismiss This Action If The Costs Are Not Paid Within A Reasonable Time.  (Doc.
23.)  Defendants have moved to tax the costs of service of process to the Plaintiff, a
prisoner who has one "strike" against him pursuant to 28 U.S.C. § 1915(g) (the "three
strikes" provision)[1] and to dismiss this cause if Plaintiff has not paid these costs within a
reasonable time.  Defendants object to providing their special process servers free of
charge to an inmate who paid the filing fee and who previously had a case dismissed
for abuse of the judicial process.  Defendants request the Court to enter an order
directing Plaintiff to pay each special process server for one hour of their time for each
Defendant served. The total amount sought by Defendants is $66.66.[2]  Defendants also
have moved to stay these proceedings until Plaintiff has made the requested payment
and further request that this cause be dismissed if after a reasonable time period

---

[1] Plaintiff's one "strike" was in this Court in Case No. 1:10-cv-159, which was dismissed without
prejudice for abuse of the judicial process for Plaintiff's lack of candor in failing to disclose his prior
litigation.  *Stone v. Dewey*, 1:10-cv-159, 2011 W L 2784595 (N.D. Fla. July 14, 2011).

[2] Special appointee Debra Hix is billed at $14.37 an hour to serve Defendant Ken Tucker and
Jean Lewis at $17.43 an hour to serve Defendants Rodney Tomlinson, Mike Roberts and Brandy Dewey.

Plaintiff has not reimbursed the Florida Department of Corrections ("FDOC") for the costs of service.

Plaintiff filed a response pointing out that the Court appointed the United States Marshal Service ("USMS") to serve the summonses. The USMS, however, simply forwarded the documents to the special process servers at the state institutions, which is consistent with the practice utilized by this Court. Plaintiff also requests that the Court give him sufficient time to make the necessary arrangements to make the requested payment if the Court determines that Plaintiff should reimburse the FDOC.

Plaintiff initiated this action on September 27, 2011 by filing a complaint on the Court's civil rights complaint form for use by prisoners in actions under 28 U.S.C. § 1983.  (Doc. 1.)  Plaintiff paid the $350 filing fee on October 7, 2011 (Doc. 5) after he filed an earlier case alleging the same claims, which the Court dismissed without prejudice for abuse of the judicial process due to Plaintiff's lack of candor in failing to disclose his prior litigation.  *Stone v. Dewey*, 1:10-cv-159-MP-GRJ, 2011 WL 2784595 (N.D. Fla. July 14, 2011).  On November 22, 2011 the Court entered a service order ordering service of the complaint and explaining to Plaintiff he is responsible for service of process on the Defendants pursuant to Rule 4(m) because Plaintiff is not proceeding as a pauper.  (Doc. 6.)  The Court's November 22, 2011 service order instructed Plaintiff how to effect service of process on the Defendants and gave him until January 25, 2012 to provide the Court with certification of service and documents reflecting proper, completed service on each Defendant or waiver of service.  (*Id.*)

On January 27, 2012 the Court entered an order to show cause instructing Plaintiff to file the returns of service of process or show cause why he had not effected service of process upon Defendants in this case.  (Doc. 8.)  Plaintiff responded to the Court's January 27, 2012 order to show cause by stating he was under the impression the United States Marshal would be effecting service of process on the Defendants on his behalf.  (Doc. 9.)  The Court construed Plaintiff's response as a request to appoint the USMS to serve the Complaint on Plaintiff's behalf, which the Court granted. (Doc. 10.)  The Defendants were then served by means of the specially appointed process servers the Secretary of the Florida Department of Corrections has designated for performing service of process upon staff members at each FDOC institution or facility.

Pursuant to Fed. R. Civ. P. 4(c)(3), upon request by the Plaintiff, the Court *may* direct service by the USMS or by a person specially appointed by the court, even in cases where a plaintiff is not proceeding IFP.  The Court granted Plaintiff's motion because Plaintiff was unable to serve the Defendants on his own.

The Court, however, finds that under the present circumstances Defendant's request for reimbursement by Plaintiff of the costs of the FDOC special process servers is warranted.  Because Plaintiff paid the filing fee when he filed this case he is not entitled to utilize the FDOC's special process servers without cost, as is the case with prisoners proceeding *pro se*.  This Court in another unrelated case ordered a prisoner litigant, who paid the filing fee – but then requested the USMS be appointed to serve the complaint on his behalf – to pay the FDOC and the USMS for the costs of service. *O'Bryant v. Wilson*, No. 1:10-cv-176-MP-GRJ, Doc. 29 (N.D. Fla. Nov. 3, 2010).  Other

federal courts have entered similar orders.  *See Cochran v. Barnes*, 2010 WL 455510

(N.D. Ind. 2010) (court directed inmate with three strikes to pay the marshals' costs of

service).  Plaintiff should not be allowed the benefit of the free services of FDOC

employees which have been offered to facilitate the judicial process for indigent

prisoners.  Plaintiff is therefore responsible for reimbursing the full costs requested by

Defendants.  The Court will, however, grant Plaintiff sufficient time to pay the costs. The

Court will also deny Defendants' request that the Court stay the case until full payment

is made.

     Accordingly, upon due consideration, it is **ORDERED:**

1.     Defendants' Motion To Tax Costs of Service of Process and To Dismiss This Action If The Costs Are Not Paid Within A Reasonable Time (Doc. 23) is **GRANTED**. Plaintiff shall pay the sum of **$66.66** to the Florida Department of Corrections on or before **June 1,  2012** by check sent to Defendants' counsel[3] or withdrawal from his inmate account.

2.     Counsel for the Defendants shall notify the Court in writing when the costs are paid.  In the event the costs are not paid in full by June 1, 2012 the Court will entertain a further request by the Defendants at that time that the Court should take further action for Plaintiff's failure to make the required payment.

    **DONE AND ORDERED** this 30th day of April, 2012.

        *s/Gary R. Jones*

        GARY R. JONES
        United States Magistrate Judge

---

   [3] The address on the docket for Defendants' counsel is: MARK JERRY HIERS, ATTORNEY GENERAL - PL-01 - TALLAHASSEE FL, STATE OF FLORIDA, PL 01 THE CAPITOL, 400 S MONROE ST, TALLAHASSEE, FL 32399-6536.