# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                                              CASE NO. 1:11-cv-00204-MP-GRJ

BRANDY DEWEY, MARTHA HUMPHRIES, M ROBERTS, RODNEY TOMLINSON, KEN TUCKER,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 40, Report and Recommendation of the Magistrate Judge, recommending that the motion to dismiss, Doc. 27, be granted in part and denied in part. The plaintiff filed objections, Doc. 46, which the Court has reviewed.[1] For the reasons which follow the Report and Recommendation is adopted in part and rejected in part.

The plaintiff in this case is a Hell's Angel member who is serving life in prison. He filed a first amendment and fourteenth amendment complaint arguing that prison officials are wrongly withholding certain incoming letters and cards that they are deeming "gang related." Some of the letters and cards are clearly from Hell's Angels while some were mistakenly thought to be from individuals associated with the Hell's Angels but in fact were not.

The Magistrate Judge recommended dismissing the claims involving mail explicitly from Hell's Angels, citing a very thorough and well supported affidavit from the prison's security threat officer, which showed that the federal government considers Hell's Angels to be a criminal organization (See also Dept. of State's Foreign Affairs Manual, 9 FAM 40.31 N5.3(b), listing

---

[1]The Third Motion for Extension of Time, Doc. 45, is granted, nunc pro tunc.

"the biker gangs the Hells Angels, the Outlaws, Bandidos, and the Mongols" among "known criminal organization[s]" and stating "The basis for these determinations was that these groups operated as permanent organized criminal societies. Active membership in these groups could reasonably be considered to involve a permanent association with criminal activities.") Unlike the affidavit in Smith v. Landress, No. 02-15207 (unpublished 11th Cir. 2003), cited by plaintiff in his objections, the affidavit in the instant case is not mere speculation. The affiant specifically describes the federal classification of the Hell's Angels as a known criminal organization and sets out specifically several security risks posed by allowing contact between inmates and Hell's Angel's members outside the prison. Thus, the Court agrees that the prison's policy was reasonably related to legitimate penological interests and that these claims should be dismissed.

The Magistrate Judge notes that Plaintiff's claims regarding mail from Mr. Hamclew, Kent Sjoblom, Myles Neiman, and Ray Bakon, as well as Plaintiff's claims regarding his Christmas cards from 2009, do not explicitly state whether or not these individuals are gang affiliated. Thus, the Magistrate Judge recommends these claims be DISMISSED but without prejudice to Plaintiff filing an amended complaint that specifically states whether these individuals are affiliated with HAMC or any other gang, and whether their correspondence was gang-related. The plaintiff claims in his objections that he implicitly made such allegations, but the Court directs that such allegations need to be explicitly and clearly made.

The Magistrate Judge also recommends that Plaintiff's due process claims be DISMISSED with prejudice because

> Plaintiff's Complaint discloses that he received notice when correspondence was rejected, and that the sender of the correspondence also received notice. He alleges that he was able to protest the mailroom decision by filing formal grievances within the prison system, including by filing appeals.

*Case No: 1:11-cv-00204-MP-GRJ*

Doc. 40, p. 11. However, the plaintiff in his objections indicated that "the record shows certain instances of the Defendant's failure to provide rejection notices and return the (rejected mail) to respective correspondents" Doc. 46, p.3 ¶ 7. This portion of the Report and Recommendation is rejected and recommitted to the Magistrate Judge to consider whether this allegation by plaintiff in his objections makes any difference to the outcome of the due process claims.

Finally, the Magistrate Judge recommends Plaintiff's claims regarding mail from Giovanni Rossetti, Izzy Wildheart, and Frances Huey go forward, as all of them were explicitly described as not being related to a gang or criminal organization. The Court agrees. Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

(1)  Defendants' Motion to Dismiss, Doc. 27, is GRANTED in part and DENIED in part.

(2)  Plaintiff's claims regarding mail from the Hells Angels Motorcycle Club are DISMISSED with prejudice.

(3)  Plaintiff's claims regarding mail from Mr. Hamclew, Kent Sjoblom, Myles Neiman, and Ray Bakon, as well as Plaintiff's claims regarding his Christmas cards from 2009, are DISMISSED without prejudice to Plaintiff's filing an amended complaint that specifically states whether these individuals are affiliated with HAMC or any other gang, and whether their correspondence was gang-related.

(4)  The Motion to Dismiss pertaining to Plaintiff's claims regarding mail from Giovanni Rossetti, Izzy Wildheart, and Frances Huey is denied; and

(5)  The Report and Recommendation is rejected and the matter recommitted to the Magistrate Judge to consider the allegation in plaintiff's objections concerning defendants' motion to dismiss plaintiff's due process claims.

**DONE AND ORDERED** this _18th_ day of April, 2013

            *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge