IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                  CASE NO. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al,

    Defendants.

_____/

## **ORDER**

On April 22, 2013, the Court directed Plaintiff to file a First Amended Complaint in this civil rights case. (Doc. 48.) Plaintiff, a prisoner in the custody of the Florida Department of Corrections, asserts that certain items of his mail have been improperly withheld. Plaintiff has now filed a First Amended Complaint, Doc. 49, but that document complies neither with the Court's Order nor with the Local Rules. Accordingly, the First Amended Complaint is due to be stricken, and Plaintiff will be given one final opportunity to amend his Complaint.

The Court specifically stated in its Order that Plaintiff's claims regarding the Hells Angels Motorcycle Club had been dismissed with prejudice. Plaintiff's First Amended Complaint, however, repeats many of the allegations about the Hells Angels from the original Complaint. For example, Plaintiff claims that "the Hells Angels Motorcycle Club/ Corporation is involved in legitimate businesses throughout the world," and a "blanket prohibition against the Hells Angels Motorcycle Club/ Corporation mail is absolutely unjustified." (Doc. 49, at 9.) The Court has clearly and repeatedly stated that Plaintiff's claims regarding mail from the Hells Angels have been dismissed. In a Second

Amended Complaint, Plaintiff must remove the allegations related to the classification of the Hells Angels as a gang, and the prison prohibition against receiving mail from the Hells Angels.

The Court also instructed Plaintiff that if he wished to bring claims related to mail from Mr. Hamclew, Kent Sjoblom, Myles Neiman, and Ray Bakon, as well as certain Christmas cards from 2009, he must specify in his amended complaint whether these individuals were affiliated with the Hells Angels or any other gang. In his First Amended Complaint, Plaintiff states that Myles Neiman is not affiliated with the Hells Angels. He mentions mail from Ray Bakon, however, without stating whether Ray Bakon is affiliated with the Hells Angels or not. In a Second Amended Complaint, Plaintiff must state whether Ray Bakon is affiliated with the Hells Angels if he wishes to pursue a claim related to that mail.

The Court also directed Plaintiff to provide further details about his Fourteenth Amendment due process claim, noting that Plaintiff has no due process interest in rejected mail being returned to its sender and has no due process right in receiving a "receipt" when his mail is rejected. The Court directed Plaintiff to clearly state whether there were any instances in which he did not receive any notice from prison officials that his mail was being rejected. In his First Amended Complaint, Plaintiff merely repeated the allegations from the original Complaint without providing further detail.

Finally, Plaintiff's First Amended Complaint is 43 pages long, including attachments. Local Rule 5.1(J) states that a *pro se* civil rights complaint filed under § 1983 must be no longer than 25 pages total, including attachments, unless prior leave of court has been granted and good cause shown. Here, the bulk of Plaintiff's

Complaint is made up of exhibits that are not necessary at this time.

In light of the foregoing, it is **ORDERED**:

1. The **Clerk of Court** is directed to forward to Plaintiff one civil rights complaint form for prisoner *pro se* litigants.

2. Plaintiff shall fully complete the complaint form using clearly legible type or handwriting. In amending the Complaint, Plaintiff shall not refer back to the original Complaint and shall not incorporate any part of the original Complaint. The Second Amended Complaint must contain all of Plaintiff's factual allegations and claims, and must comply with the Local Rules with respect to page limits. Plaintiff shall file the Second Amended Complaint, titled as such, together with an identical copy of the Second Amended Complaint for each defendant, **on or before June 11, 2013**.

3. Failure to comply with this Order will result in a recommendation that this case be dismissed for failure to comply with a Court Order and failure to state a claim upon which relief can be granted.

**DONE AND ORDERED** this 22nd day of May 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge