IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                CASE NO. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court upon Plaintiff's Motion for Summary Judgment. (Doc. 35.) Plaintiff filed the motion for summary judgment while Defendants' motion to dismiss was still pending. The district court has now ruled upon the motion to dismiss, and Plaintiff has also been directed to file an amended complaint. (Docs. 47, 50.) In light of the district court's ruling on the motion to dismiss, the undersigned recommends that Plaintiff's motion for summary judgment should be denied as moot.

Plaintiff, an inmate in the custody of the Florida Department of Corrections at the Mayo Correctional Institution ("MCI"), initiated this case by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983, claiming that certain items of mail from the Hells Angels Motorcycle Club and mail from individuals not affiliated with the Hells Angels was improperly held. (Doc. 1). Defendant filed a motion to dismiss the Complaint. (Doc. 27.) The motion to dismiss was granted in part and denied in part, and the district court directed that 1) Plaintiff's claims regarding mail from the Hells Angels Motorcycle Club be dismissed with prejudice; 2) Plaintiff's claims regarding mail from Mr. Hamclew, Kent Sjoblom, Myles Neiman, and Ray Bakon, as well as Plaintiff's claims regarding his

Christmas cards from 2009, be dismissed without prejudice to Plaintiff's filing an amended complaint specifying whether these individuals were affiliated with the Hells Angels or any other gang; 3) Plaintiff's claims regarding mail from Giovanni Rossetti, Izzy Wildheart, and Frances Huey would go forward; and 4) the undersigned should reconsider Plaintiff's due process claims in light of Plaintiff's statement in his objections to the Report and Recommendation that Defendant had previously failed to provide "rejection notices" and return rejected mail to the sender. The undersigned subsequently entered an Order directing Plaintiff to file an amended Complaint that deleted the claims related to Hells Angels mail, that provided further detail about mail from other senders, and that provided further details about Plaintiff's due process claims. (Doc. 48.) Plaintiff filed a First Amended Complaint that failed to comply with this Order, Doc. 49, and the undersigned directed Plaintiff to file a Second Amended Complaint by June 11, 2013. (Doc. 50.)

In his motion for summary judgment, Plaintiff asserts that the Florida Department of Corrections violated his First Amendment rights by classifying the Hells Angels as a "gang" and by holding his mail from persons affiliated with the Hells Angels. (Doc. 35.) Plaintiff asserts that there is no legitimate penological interest that justifies this classification, and that Defendants' behavior has violated his right to freely associate and receive correspondence. These arguments were addressed and rejected by the district court when it ruled on Defendants' motion to dismiss. (Doc. 47.) Specifically, the district court stated that it "agrees that the prison's policy [of classifying the Hells Angels as a criminal organization] was reasonably related to legitimate penological interests" and that Plaintiff's challenge to this classification "should be dismissed."

(Doc. 47, at 2.)

Accordingly, all of Plaintiff's claims related to the classification of the Hells Angels as a gang, and the prison's policy of holding mail from persons affiliated with the Hells Angels, have been dismissed. Because Plaintiff's motion for summary judgment addresses only those claims, it is due to be denied as moot. This ruling should be made without prejudice to Plaintiff's right to file a motion for summary judgment at an appropriate point in the case – after he has filed a Second Amended Complaint that complies with this Court's clear directives.

Accordingly, it is respectfully **RECOMMENDED:**

That Plaintiff's motion for summary judgment (Doc. 35) should be **DENIED as moot**.

IN CHAMBERS this 6th day of June 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.