IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                CASE NO. 1:11-cv-204-MP-GRJ

MARTHA HUMPHRIES, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections at the Mayo Correctional Institution ("MCI"), claims that prison officials improperly held his mail in violation of his constitutional rights. (Docs 1, 49, 52.) The Court twice directed Plaintiff to file an amended Complaint to eliminate certain First Amendment claims and to provide more detail about his Fourteenth Amendment due process claim. (Docs. 48, 50.) Plaintiff filed a Second Amended Complaint as directed. (Doc. 52.) On June 14, 2013, the Court entered an order stating that the "Court has reviewed the Second Amended Complaint, and determines that it sufficiently complies with the Court's previous orders." (Doc. 54, at 1.) The Court directed Defendants to file an answer to the Second Amended Complaint within 20 days.

Instead of filing an answer, Defendants filed a motion to dismiss the Second Amended Complaint for failure to state a claim. (Doc. 55.) In the motion to dismiss, Defendants note that Plaintiff improperly titled his statement of claims "State Law Claim of Negligence." Defendants assert that Plaintiff has no basis for a state law negligence claim, and has not "explicitly state[d] a separate Federal Claim." (Doc. 55, at 2.)

Defendants argue that because Plaintiff has not "explicitly" stated a federal claim for relief, the entire Complaint should be dismissed. Under the unique circumstances of this case, the undersigned recommends that the motion to dismiss be denied prior to Plaintiff's filing a response.

Plaintiff is a *pro se* inmate. It is axiomatic that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). While Plaintiff did title his statement of claims "State Law Claim of Negligence," he went on to clearly state that Defendants "violated Plaintiff's First Amendment Rights to freedom of speech and freedom of expression and Fourteenth Amendment Right to due process as guaranteed by the United States Constitution." (Doc. 52, at 9.) Plaintiff further stated that the "right to correspond is protected by the First and Fourteenth Amendments of the United States Constitution," and that a "[d]ue process violation occurred." *Id.* Indeed, it is difficult to imagine how much more "explicitly" Plaintiff could have described his federal constitutional claims. A fair reading of Plaintiff's statement of claims is that the "State Law Claim of Negligence" was a stray header, and that Plaintiff intended to bring claims under the First and Fourteenth Amendment. Furthermore, the Court has consistently and explicitly construed Plaintiff's Complaint as raising First and Fourteenth Amendment claims in numerous and lengthy Orders. (Docs. 40, 48, 50.)

In light of Plaintiff's *pro se* status, the clarity with which he has presented his federal claims despite the presence of a stray "state law" header in his Complaint -- and

the Court's own numerous clear statements that Plaintiff's claims were to be construed as First and Fourteenth Amendment claims – the undersigned recommends that the motion to dismiss be denied and Defendants be directed to file an answer to the Second Amended Complaint within 14 days.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendants' Motion to Dismiss, Doc. 55, should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 10th day of July 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**